**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alberta M. Seamon, | No. CV-23-08523-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Navajo Nation Gaming Enterprise, et al., | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Alberta M. Seamon's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). For the following reasons, the Court exercises its authority under 28 U.S.C. § 1915(e)(2) and dismisses Plaintiff's Complaint with leave to amend.

**I.  IFP APPLICATION**

Plaintiff's Application indicates that Plaintiff has insufficient funds to prepay the filing fee for this action. Accordingly, Plaintiff's Application (Doc. 2) is granted.

**II.  STATUTORY SCREENING OF IFP COMPLAINTS**

The Court is required to screen complaints brought in forma pauperis.[*] 28 U.S.C. § 1915(e)(2). The Court must dismiss a Complaint, or portion thereof, if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.*

---

[*] Although § 1915 largely concerns prisoner litigation, § 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The Ninth Circuit has instructed that courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, are not sufficient to support a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

**III.   DISCUSSION**

Plaintiff's Complaint alleges that she was discriminated against due to her "termination of [] employment" and "retaliation" because she got sick. (Doc. 1 at 5.) There are, however, no causes of action asserted and absolutely no detail as to how the named defendants were involved in Plaintiff's purported harm. In short, and even with the most liberal review, Plaintiff's Complaint fails to allege a short and plain statement of her claims as required under Rule 8 of the Federal Rules of Civil Procedure. The Court will dismiss

the Complaint with leave to amend. *See Myers-Armstrong v. Actavis Totowa, LLC*, 382 F. App'x 545, 547 (9th Cir. 2010) (affirming dismissal for failure to state a claim in part because the complaint gave "no notice of the alleged illegal act and, therefore, fail[ed] to satisfy Federal Rule of Civil Procedure 8(a), because it [did] not set forth 'a short plain statement of the claim showing that the pleader is entitled to relief.'"); *see also Kennedy v. Andrews*, No. CV052692PHXNVW, 2005 WL 3358205, at *3 (D. Ariz. Dec. 8, 2005) (dismissing the complaint, in part, after conducting an in forma pauperis screening because the complaint failed to comply with Rule 8).

### IV.     LEAVE TO AMEND

Plaintiff will be given an opportunity, if she so chooses, to amend her Complaint to make clear her allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights she believes were violated, the name of the person and/or entity who violated the right, exactly what that individual or entity did or failed to do, how the action or inaction of that person and/or entity is connected to the violation of her rights, and what specific injury she suffered because of the other person and/or entity's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count.

### V.     CONCLUSION

Accordingly,

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1) with leave to file an amended complaint no later than October 25, 2023.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by October 25, 2023, the Clerk shall dismiss this action without further order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended Complaint, the Complaint may not be served until and unless the Court screens the amended Complaint

1  pursuant to 28 U.S.C. § 1915(e)(2).

2  Dated this 4th day of October, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge